IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES LAVON WILLIAMS    :

   Petitioner,      :

v.            :   CIVIL ACTION NO. 04-00645-CG-B

GWENDOLYN C. MOSLEY,    :

   Respondent.     :


## REPORT AND RECOMMENDATION

James Lavon Williams, a state prisoner currently in the custody of respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his convictions in 2001 for murder and discharging a firearm into an occupied dwelling. Petitioner pled guilty to these charges in the Circuit Court of Monroe County, Alabama, and received two consecutive life sentences as a habitual felony offender. (Doc. 1 at 3; Doc. 9, Ex. A at C.R.17-21).

This matter is now before the undersigned Magistrate Judge on Petitioner's petition, respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts. Following a careful review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted on the issues.[1] See 28 U.S.C. §

---

[1]Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and

2254(e)(2).

FINDINGS OF FACT

The Alabama Court of Criminal Appeals found the facts of this case to be as follows:[2]

---

Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004). The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> **(A)** the claim relies on—
>
> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

[2]AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id.

> The appellant was indicted for capital murder and discharging a firearm into an occupied dwelling. Pursuant to a negotiated agreement, he pled guilty to murder, a violation of § 13A-6-2(a)(1), Ala. Code 1975, and discharging a firearm into an occupied dwelling, a violation of § 13A-11-61, Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve consecutive terms of life in prison. <u>See</u> § 13A-5-9(a), Ala. Code 1975. The appellant filed a pro se pleading, which the trial court treated as a motion for a new trial. After conducting a hearing, the trial court denied the motion. This appeal followed.

(Doc. 9, Ex. B at 1). In addition to the foregoing statement of facts, the record reflects that Petitioner shot and killed Terrence Brown by firing a rifle eighteen times into a house occupied by Brown and others, including children. (Doc. 9, Ex. A at R.25, 27-28; Ex. D at R.26-27, C.R.8-9). Petitioner claimed that the killing was in self-defense. (<u>Id.</u>).

Petitioner was indicted by the Monroe County Grand Jury on September 20, 2000, and charged with capital murder and discharging a firearm into an occupied dwelling. (Doc. 9, Ex. A at C.R.37). On October 11, 2000, Petitioner entered a plea of not guilty to the charge, and his jury trial was set for September 24, 2001, in the Circuit Court of Monroe County, Alabama. (<u>Id.</u> at C.R.9, C.R.40). Petitioner was represented by attorney Dennis Knizley. (<u>Id.</u> at C.R.38). On September 19, 2001, Petitioner pled guilty to non-capital murder and discharging a firearm into an occupied dwelling

---

(citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

and was sentenced under the Habitual Felony Offender Act to consecutive terms of life imprisonment. (<u>Id.</u> at C.R.16-28).

On October 2, 2001, Petitioner filed a pro se motion for a new trial seeking to withdraw his guilty plea. (<u>Id.</u> at C.R.29). The trial court conducted a hearing on November 14, 2001, and denied Petitioner's motion. (<u>Id.</u> at C.R.29, C.R.43). Attorney Laura Grantham represented Petitioner at the hearing. (<u>Id.</u> at C.R.43).

Petitioner filed a written notice of appeal to the Alabama Court of Criminal Appeals on December 10, 2001. (<u>Id.</u>). Attorney Laura Grantham represented Petitioner on appeal. (<u>Id.</u>). On May 24, 2002, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction by memorandum opinion. (Doc. 9, Ex. B). Petitioner did not file an application for rehearing with the Alabama Court of Criminal Appeals or a petition for a writ of certiorari with the Alabama Supreme Court. (Doc. 1 at 3-4).

On March 3, 2003, Petitioner filed a petition for post-conviction relief, *pro se*, pursuant to Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>. (Doc. 1 at 4; Doc. 9, Ex. D at C.R.1). On July 23, 2003, after an evidentiary hearing, the trial court denied Petitioner's Rule 32 petition, and Petitioner filed an appeal to the Alabama Court of Criminal Appeals. (Doc. 9, Ex. D at C.R. 101A, C.R.120, C.R.125, C.R.130). On May 21, 2004, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the judgment of the trial court denying Petitioner's Rule 32 petition for post-conviction relief. (Doc. 9, Ex. E). Petitioner filed a

4

petition for a writ of certiorari with the Alabama Supreme Court, which was denied on August 13, 2004.  (Doc. 9, Ex. H).

On October 6, 2004, Petitioner filed the instant petition for a writ of habeas corpus, setting forth three claims in support of his request for habeas relief.  (Doc. 1 at 7-8).  The Court will consider each of those claims in turn.

<u>DISCUSSION</u>

Respondent asserts in her answer that Petitioner has failed to exhaust the first two of his habeas claims in the state courts and that the state courts denied relief on the third claim on the merits.  (Doc. 9 at 5).  For the reasons set forth below, the Court finds that Petitioner is not entitled to habeas relief on the basis of any of his claims.

I.  <u>Claim 1</u>.

Petitioner argues first in his petition that he is entitled to relief under § 2254 based on the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  (Doc. 1 at 7). According to Petitioner, his convictions in the state court for discharging a firearm into an occupied dwelling and for non-capital murder arose out of the same transaction and constitute one offense; thus, his two, consecutive life sentences violate his constitutional right against double jeopardy.  (Doc. 2 at 6).

While there is some question as to whether Petitioner

exhausted this claim in the state courts,[3] under 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See also Lafitte v. Johnson, 2000 WL 724159, *2 n.2 (S.D. Ala. May 17, 2000) (unreported) ("under 28 U.S.C. § 2254(b)(2), the Court may deny the habeas petition on the merits even if Petitioner has failed to exhaust state remedies."). Having considered this claim de novo, the Court finds it to be without merit.

Petitioner contends that the fact that he received consecutive life sentences for a single offense violates his constitutional protection against double jeopardy. The Court disagrees.

The Fifth Amendment Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has held that the Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same

---

[3] A review of the record of Petitioner's state court proceedings shows that Petitioner did not raise this claim in his direct appeal; however, he did present it to the state court in his Rule 32 petition. It does not appear, however, that the state courts ever addressed the claim. Because the Court has considered the claim de novo and has found it to be without merit, it need not resolve this issue.

offense." <u>Monge v. California</u>, 524 U.S. 721, 727-28 (1998) (citing <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969)). The prohibition is applicable to the States through the Fourteenth Amendment. <u>Id.</u> at 727.

"Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." <u>Brown v. Ohio</u>, 432 U.S. 161, 165 (1977). The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was first set forth in <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932). As the Supreme Court explained that test in <u>Brown</u>: "'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . .'" <u>Brown</u>, 432 U.S. at 166 (quoting <u>Blockburger</u>, 284 U.S. at 304). "This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the <u>Blockburger</u> test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. . . .'" <u>Id</u> (quoting <u>Iannelli v.</u>

7

United States, 420 U.S. 770, 785 n.17 (1975)).  Stated differently, two provisions are not the "same offense" if each contains an element not included in the other.  See Hudson v. United States, 522 U.S. 93, 107 (1997) ("Under Blockburger's 'same-elements' test, two provisions are not the 'same offense' if each contains an element not included in the other.").

In this action, although Petitioner was indicted for capital murder, he pled guilty pursuant to a negotiated plea agreement to non-capital, intentional murder, a violation of Alabama Code § 13A-6-2(a)(1).  In addition, Petitioner pled guilty to discharging a firearm into an occupied dwelling, a violation of Alabama Code § 13A-11-61.  (Doc. 9, Ex. A at C.R. 6-7, 10, 33).  Under § 13A-6-2(a)(1), "[a] person commits the crime of murder if . . . [w]ith intent to cause the death of another person, he or she causes the death of that person or of another person."  In contrast, a person commits the crime of discharging a firearm into an occupied dwelling, under § 13A-11-61, if that person: "shoot[s] or discharge[s] a firearm, explosive, or other weapon which discharges a dangerous projectile into any occupied . . . dwelling or building. . . ."  Therefore, to convict a defendant of non-capital, intentional murder, the prosecution must prove that the defendant intended to kill and did kill another person.  These are

elements not required to convict a defendant of discharging a firearm into an occupied dwelling.  Conversely, a conviction of discharging a firearm into an occupied dwelling requires proof that defendant shot or discharged a firearm, explosive, or other weapon, which discharged a dangerous projectile, into an occupied dwelling, elements not required to prove intentional murder.  Petitioner's convictions and sentences were for two separate offenses. Therefore, Petitioner did not receive multiple punishments for the same offense, and those punishments did not violate the Double Jeopardy Clause.  Accordingly, Petitioner is not entitled to habeas relief on the basis of claim 1, and that claim is, therefore, due to be denied.

II.  Claim 2.

Petitioner asserts next in his petition that he is entitled to relief under § 2254 based on the ineffectiveness of his trial and appellate counsel in failing to challenge the legality of his consecutive life sentences under the Double Jeopardy Clause.[4] Having found that Petitioner's consecutive life sentences do not violate the Double Jeopardy Clause, Petitioner's claim that trial and appellate counsel were ineffective for failing to raise this

_____

[4] As with habeas claim 1, the Court has considered this claim *de novo* under § 2254(b)(2).

non-meritorious claim in the state courts must also fail. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) (To prevail on a claim of ineffective assistance of counsel, Petitioner bears the burden of establishing by a preponderance of the evidence that counsel's performance was deficient and that he was actually prejudiced by the inadequate performance.). Accordingly, Petitioner is not entitled to habeas relief on the basis of claim 2, and that claim is, therefore, due to be denied.

III. <u>Claim 3</u>

Petitioner argues next in his petition that he is entitled to relief under § 2254 based on the ineffectiveness of his appellate counsel in failing to file an application for rehearing with the Alabama Court of Criminal Appeals after that court affirmed his convictions and consecutive life sentences on direct appeal. Respondent asserts that this claim was raised in the state courts and denied on the merits.

28 U.S.C. § 2254(d) provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was

10

> contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id.  In Williams v. Taylor, 529 U.S. 362, 412 (2000), Justice O'Connor, writing for a majority of the Court, recognized that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."

> A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  See Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed. 2d 389 (2000).
>
> A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case."  Williams, 120 S. Ct. at 1520.  In

11

> addition, a state court decision involves an
> unreasonable application of Supreme Court
> precedent "if the state court either
> unreasonably extends a legal principle from
> [Supreme Court] precedent to a new context
> where it should not apply or unreasonably
> refuses to extend that principle to a new
> context where it should apply." Id.

Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). Moreover, the Act, as amended, presumes as correct all determinations of factual issues made by a state court and places the burden upon the Petitioner of rebutting such a presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

As discussed above, in order to prevail on a claim of ineffective assistance of counsel, Petitioner bears the burden of establishing by a preponderance of the evidence that his appellate counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. Strickland, 466 U.S. 668 (1984). The elements to be considered are as follows:

> First, the defendant must show that counsel's
> performance was deficient. This requires
> showing that counsel made errors so serious
> that counsel was not functioning as the
> "counsel" guaranteed the defendant by the
> Sixth Amendment. Second, the defendant must
> show that the deficient performance prejudiced
> the defense. This requires showing that
> counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose
> result is reliable.

12

Id., 466 U.S. at 687.  Thus, Petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "Establishing these two elements is not easy: 'the cases in which habeas Petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'"  Van Poyck v. Florida Dep't of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances."  House v. Balkcom, 725 F.2d 608, 615 (11th Cir. 1984).  An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight.  Messer v. Kemp, 760 F.2d 1080, 1088 (11th Cir. 1985).  A federal court must apply a "heavy measure of deference to counsel's judgments."  Singleton v. Thigpen, 847 F.2d 668, 670 (11th Cir. 1988) (quoting Strickland, 446 U.S. at 691).

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances,

13

> as defense counsel acted at trial. . . . We
> are not interested in grading lawyers'
> performances; we are interested in whether the
> adversarial process at trial, in fact, worked
> adequately.

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (quoting

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992)).

With respect to habeas claim 3, Petitioner claims that his appellate counsel should have filed an application for rehearing with the Alabama Court of Criminal Appeals after that court affirmed his convictions and sentences. Petitioner presented this same argument to the Alabama Court of Criminal Appeals during his Rule 32 proceedings, and, in its memorandum opinion affirming the trial court's denial of relief, the court stated:

> Williams also raises ineffective-
> assistance-of-counsel claims against both
> trial and appellate counsel. . . . He alleges
> that appellate counsel was deficient for . . .
> failing to file an application for rehearing
> after this Court affirmed his convictions.
>
> In order to prevail on an ineffective-
> assistance claim, the appellant must meet the
> two-pronged test set out in Strickland v.
> Washington, 466 U.S. 668 (1984). The
> Strickland test requires the appellant to show
> not only that counsel's representation was
> deficient, but that the deficiency prejudiced
> his appeal. Williams v. State, 450 So. 2d 126
> (Ala. Crim. App. 1985). Here, Williams
> asserts that he was prejudiced by these
> alleged deficiencies, but he offers no factual
> or legal support for this claim. As he has

14

> not met either part of the <u>Strickland</u> test,
> Williams is not entitled to relief on his
> claims against trial or appellate counsel.

(Doc. 9, Ex. E at 4).

Having reviewed the entire record in this matter, the Court agrees with the Alabama Court of Criminal Appeals that Petitioner failed to establish that he was prejudiced by counsel's failure to file an application for rehearing with the Alabama Court of Criminal Appeals on direct appeal.  The record shows that, on August 22, 2000, Petitioner fired a rifle eighteen times into and around a home occupied by several adults and children, including the victim, Terrence Brown, and that Petitioner shot and killed Terrence Brown.  (Doc. 9, Ex. D at R.26-27, C.R.8-9).  Petitioner testified in his Rule 32 proceedings that he had to kill the victim, who was his cousin, because for days prior to the shooting, the victim had "hunted [him] down like a dog," and if he had not killed the victim, the victim would have killed him.  (Doc. 9, Ex. D at R.16, 27).  Petitioner was charged with murder made capital by the fact that he discharged a firearm into an occupied dwelling. He was also charged separately with discharging a firearm into an occupied dwelling.  (Doc. 9, Ex. A at C.R.6-7; Doc. 9, Ex. D at R.28-33).  On advice of his trial counsel, Petitioner entered into

a negotiated plea agreement whereby he was allowed to plead guilty to non-capital, intentional murder and discharging a firearm into an occupied dwelling, for which he would receive two life sentences and be spared a possible death sentence or life without the possibility of parole. (Doc. 9, Ex. D at R.33). Petitioner argued in his Rule 32 proceedings that his counsel should have advised him to go to trial on a theory of self-defense; however, the Rule 32 court disagreed, stating: "because somebody has tried to kill you, does not mean that you can go hunt them down and kill them when you can retreat in safety." (Id. at R.37). The court concluded that Petitioner had taken "a best interest plea" to avoid the possibility of a death sentence and had failed to prove any grounds justifying Rule 32 relief. (Id. at R.38).

Assuming *arguendo*, that Petitioner's appellate counsel was deficient for failing to file an application for rehearing with the Alabama Court of Criminal Appeals after that court affirmed his convictions and sentences, under Strickland, Petitioner was still required to show that he was actually prejudiced by the inadequate performance, that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. This, Petitioner failed to do. Nowhere in the state court proceedings did Petitioner establish that any of his claims

on direct appeal had merit[5] and, thus, that he was prejudiced by counsel's failure to pursue the direct appeal further.

Accordingly, with respect to habeas claim 3, Petitioner has failed to establish under the "contrary to" clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law set forth in Supreme Court case law or that the court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts.   Likewise, Petitioner has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case.   To the contrary, the decision of the Alabama Court of Criminal Appeals regarding Petitioner's ineffective assistance of counsel claim is completely consistent with the principles outlined in <u>Strickland</u>.   Thus, Petitioner has not established that he is entitled to relief under § 2254(d)(1).

---

[5] On direct appeal, Petitioner raised the following issues: whether his plea was voluntary; whether trial counsel was ineffective for advising him to plead guilty; whether trial counsel was ineffective for failing to challenge the sufficiency of the indictments; and whether trial counsel was ineffective for failing to discuss with Petitioner discovery provided by the State and in failing to interview witnesses to support Petitioner's claim of self-defense.  (Doc. 9, Ex. I).  As in the state courts, Petitioner has failed to establish in these habeas proceedings that he suffered any prejudice from his appellate counsel's failure to pursue the direct appeal of these claims.

In addition, Petitioner has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court must presume as correct the determinations of all factual issues made by the state court.  28 U.S.C. § 2254(e).  Petitioner has not rebutted that presumption of correctness by clear and convincing evidence.

Accordingly, Petitioner is not entitled to habeas relief on the basis of claim 3, and that claim is, therefore, due to be denied.

<u>**CONCLUSION**</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's rights were not violated and that his request for habeas corpus relief should be denied.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **10th** day of **August 2007.**

                    **/s/ SONJA F. BIVINS**
                    **UNITED STATES MAGISTRATE JUDGE**

18

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**

**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**

**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the
magistrate judge finds that the tapes and original records in this
action are adequate for purposes of review.  Any party planning to
object to this recommendation, but unable to pay the fee for a
transcript, is advised that a judicial determination that
transcription is necessary is required before the United States
will pay the cost of the transcript.