IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES LAVON WILLIAMS,** | : | |
| Petitioner, | : | |
| v. | : | **CIVIL ACTION NO. 04-00645-CG-B** |
| **GWENDOLYN C. MOSLEY,** | : | |
| Respondent. | : | |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge ("report and recommendation") (Doc. 14) and the petitioner's objection to the report and recommendation (petitioner's "objection"). (Doc. 15). In short, the petitioner filed a petition under 28 U.S.C. 2254 ("habeas petition"), arguing that his convictions for non-capital murder and discharging a firearm into an occupied dwelling do not pass constitutional muster. After briefing and submissions by the petitioner and respondent, the magistrate judge recommended denying petitioner's habeas petition.

Petitioner's objection states that he "was indicted for a single case of Capital Murder, and no other offenses." He then argues that, because the trial court only had jurisdiction to accept a plea to an offense encompassed within the original indictment or to a lesser-included offense, the court did not have jurisdiction to sentence him both for murder and also for shooting into an occupied dwelling. The precise legal issue he raises is not particularly clear. Either he is asserting that the state court did not have authority to accept his plea to shooting into an occupied dwelling because it was a lesser-included offense of capital murder, or he is asserting

1

that his conviction of the two crimes violates double jeopardy because the crime of shooting into an occupied dwelling is a lesser-included offense of capital murder. Both arguments fail.

First, the factual assertion that petitioner was indicted only for capital murder is incorrect. His indictment contained two counts, Count I for capital murder and Count II for shooting into an occupied dwelling. The court accepted his guilty plea to two separate charges, one for non-capital murder, a lesser-included charge of Count I, and the other for discharging a firearm into an occupied dwelling, exactly the charge of Count II. As such, petitioner's argument that the court did not have authority to accept a plea for non-capital murder and also for shooting a firearm into an occupied dwelling because they both arise from a single charge for capital murder rests on a faulty premise. The first argument is therefore rejected.

Second, jeopardy did not attach at the time of the indictment, but rather at the time the court accepted petitioner's guilty pleas. See, e.g., United States v. Sanchez, 609 F.2d 761, 762 (5th Cir. 1980) ("Jeopardy attaches with the acceptance of a guilty plea."); see also, United States v. Baggett, 901 F.2d 1546, 1548 (11th Cir. 1990) ("In the case of a plea bargain, with respect to the offense pleaded to, jeopardy normally attaches when the court unconditionally accepts a guilty plea."). The magistrate judge correctly described the applicable double jeopardy law to the two counts to which petitioner pled guilty as follows:

> "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977). The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was first set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). As the Supreme Court explained that test in Brown: "'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires

>    proof of an additional fact which the other does not . . . .'" Brown, 432 U.S. at
>    166 (quoting Blockburger, 284 U.S. at 304). "This test emphasizes the elements
>    of the two crimes. 'If each requires proof of a fact that the other does not, the
>    Blockburger test is satisfied, notwithstanding a substantial overlap in the proof
>    offered to establish the crimes. . . .'" Id. (quoting Iannelli v. United States, 420
>    U.S. 770, 785 n. 17 (1975)). Stated differently, two provisions are not the "same
>    offense" if each contains an element not included in the other. See Hudson v.
>    United States, 522 U.S. 93, 107 (1997) ("Under Blockburger's 'same-elements'
>    test, two provisions are not the 'same offense' if each contains an element not
>    included in the other.").

(Doc. 14, at pages 7-8).

The two counts to which petitioner pled guilty are the relevant ones for purposes of the foregoing double jeopardy analysis. As the magistrate judge correctly determined, petitioner pled guilty to two separate crimes because each count requires proof of a fact that the other does not. Because the two counts are for two separate crimes, the magistrate judge was correct to deny habeas relief on petitioner's double jeopardy claim.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court. It is ORDERED that Petitioner's petition for habeas corpus relief is hereby DENIED.

**DONE and ORDERED** this 13th day of September, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE