```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

JAMES LAVON WILLIAMS            :

    Petitioner,                 :

v.                              :   CIVIL ACTION NO. 04-00645-CG-B

GWENDOLYN C. MOSLEY,            :

    Respondent.                 :
```

## REPORT AND RECOMMENDATION

This case is before the Court following remand by the Eleventh Circuit. On November 20, 2007, the Eleventh Circuit issued an Order remanding this case for a factual finding as to the date Petitioner James Lavon Williams delivered his Notice of Appeal to prison officials or placed it in the prison mailing system. (Doc. 24). This matter was referred to the undersigned for entry of a Report and Recommendation in accordance with the Eleventh Circuit's remand Order.

James Lavon Williams filed, pursuant to 28 U.S.C. § 2254, a habeas petition challenging the validity of his convictions in 2001 for murder and discharging a firearm into an occupied dwelling. (Doc. 1). In an Order dated September 13, 2007, the District Court adopted the Magistrate Judge's Report and Recommendation denying Williams's petition. (Doc. 16). The Clerk's Office received and file-stamped a Notice of Appeal sent by Williams on October 19, 2007. (Doc. 18). The Notice was signed by Williams; however, it

was not dated and did not include a certificate of service. The envelope attached to the Notice reflects a "postmark date" of October 17, 2007. As noted supra, the Eleventh Circuit remanded this action and directed the Court to make a factual finding as to the date Williams delivered his Notice to prison officials or placed it in the prison mailing system.

Upon remand, the undersigned afforded both parties a full and fair opportunity to submit evidence and argument on this issue. (Doc. 25). Specifically, in an Order dated December 10, 2007, the Court directed the parties to file, by January 4, 2008, "supplemental evidentiary materials that bear on the issue of when Petitioner delivered his notice of appeal to prison officials or placed it in the prison mailing system. These evidentiary materials shall include, but are not limited to, declarations under penalty of perjury, notarized statements, or sworn affidavits of persons having personal knowledge of when delivery of the notice occurred, whether the notice had proper postage and was properly addressed, and whether it was delivered to the proper person(s) for collection of legal mail in the prison."[1] (Doc. 25).

In response to the Court's Order, Williams submitted an

---

[1] The Order also set forth the text of Rule 4(c)(1) of the Federal Rules of Appellate Procedure, which provides that if an inmate files a notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing....Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

unsworn statement wherein he asserts:

> The Petitioner as his memory recalls placed his "Motion for a Certificate of Appealibility [sic] and Written Notice of Appeal" in the legal mail box, which by the Easterlain Cortrectional [sic] Facilities' custom, a Correctional Officer is suppose to empty the box and personally deliver all legal mail from the box each work day, to the mail room. Petitioner does not know which offier [sic] or officers that would handle the mail each day.
>
> The mail when taken to the mail room, is then processed and placed for out going mail by the mail clerk, Ms. Blakey. Petitioner placed his legal mail, containing the "Motion for a Certificate of Appealibility [sic] and Written Notice of Appeal in the box on the morning of October 12, 2007. This is when the mail is considered placed in the hands of prison officials. [sic]

(Doc. 26). In response to Petitioner's filing, the Respondent submitted a memorandum and a sworn affidavit executed by Carter F. Davenport, the Assistant Warden at Easterling Correctional Facility. (Doc. 27). In the response, Respondent has not sought to dispute Williams's assertions regarding the date that he placed his Notice with prison officials. Instead, Respondent argues that Williams cannot take advantage of Rule 4(c) of the Federal Rules of Appellate Procedure because his statement is neither notarized nor is it in compliance with 28 U.S.C. § 1746 (stating under penalty of perjury that the matters attested to are true and correct), and it does not state that first-class postage was prepaid. In his statement in support of Respondent's response, Davenport attests

3

that the facility does not maintain a log of outgoing prison mail and that with the exception of certified mail, outgoing prison mail cannot be tracked by the date the mail was handed to prison officials.  Davenport further attests that the prison has a standard procedure whereby mail is collected from outside the mailbox each weekday, except for holidays, is delivered to the mail clerk who sorts and stamps the mail with the prison's disclaimer, and is then taken to the post office at approximately 11:00 a.m. Mail requiring individual attention, such as certified mail, is delivered to the post office at approximately 3:45 p.m.  (Doc. 27, Ex. A).

    The prison mailbox rule, as articulated by the Supreme Court in Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents.  Rule 4(c)(1) of the Federal Rules of Appellate Procedure, which has incorporated the mailbox rule, provides that if an inmate files a notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing....Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Id.

Courts have instructed that "the burden of proof rests on the State if [the plaintiff] satisfies Rule 4(c)(1), Fed.R.App.P., by submitting a declaration or notarized statement setting forth the date of deposit and stating that first-class postage was prepaid." Allen v. Culliver, 2007 U.S. Dist. LEXIS 22122, at *3 (S.D. Ala. Mar. 12, 2007), citing Allen v. Culliver, 471 F.3d 1196, 1198-99 (11th Cir. 2006); see also, Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005)("To summarize, an inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid."); Reily v. Ercole, 2007 U.S. Dist. LEXIS 36889 (E.D.N.Y. May 17, 2007)("When an inmate offers a sworn declaration that he submitted his legal papers on a given date, the burden then shifts to the prison to put forth some contrary evidence showing that the inmate actually submitted the papers at a later date."); Latham v. United States, 2007 U.S. Dist. LEXIS 2897 (S.D. Ill. Jan. 11, 2007)(Plaintiff is not entitled to the benefit of the mailbox rule because his § 2255 motion did not contain a declaration under penalty of perjury or a notarized statement that he prepaid first

class postage or placed his motion in prison mail system on a particular day).

In the case at hand, Petitioner has filed a statement that is not sworn, nor submitted "under penalty of perjury." In the statement, Plaintiff asserts that his "memory recalls"[2] that the Notice was placed in the prison mail box on October 12, 2007; however, Petitioner does not indicate whether proper prepaid postage was affixed to the Notice. As noted supra, Respondent does not dispute Williams's assertion but instead argues that the statement does not meet the requirements of Rule 4(c). A review of the statement confirms that although Williams was provided an opportunity to submit evidence on this issue, and was expressly advised that any evidentiary submissions on this issue were to be notarized or submitted under penalty of perjury, he submitted a statement that is of no evidentiary value as it is not notarized nor submitted under penalty of perjury. Because Williams has not met his burden of showing compliance with the requirements of Rule 4(c)(1), he has not shown that his Notice was timely tendered to prison officials or placed in the prison mailing system. In light of the foregoing, the undersigned Magistrate Judge recommends that the Court find that Williams failed to meet the requirements of

---

[2] Interestingly, a review of Williams's Notice reflects that it does not bear the date on which it was signed, nor does it include a certificate of service indicating the date on which it was mailed to counsel for Respondent.

Rule 4(c)(1), and that as a result, he has failed to establish that his Notice was timely tendered to prison officials or placed in the prison mailing system.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **30th** day of **January, 2008.**

                                       **/S/SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the

8

magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.